**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE CO., et. al., | |
| Plaintiffs, | Civil No. 24-cv-6952 (ZNQ)(JTQ) |
| v. | **MEMORANDUM OPINION AND ORDER** |
| TARAKCHYAN D.C., et al., | |
| Defendants. | |

Presented to the Court is non-party Air Wolf, Inc.'s ("Air Wolf") motion for intervention and access to certain litigation materials, pursuant to Fed. R. Civ. P. 24. ECF No. 78. The Court has fully reviewed the submissions of the parties and decides the motion without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Air Wolf's Motion is DENIED.

## I.    BACKGROUND

This action arises from Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co.'s (collectively, "Plaintiffs") allegations of insurance fraud against Defendants Shahid Mian, M.D., Shahid Mian, M.D. P.C., and Shahid Mian, MD Professional Corporation (collectively, "Defendants"). The crux of Plaintiffs' claims is that Defendants provided or billed fraudulent services to certain individuals insured by Plaintiffs ("insureds"). The insureds involved in this matter all claimed to have been involved in automobile accidents and sought treatment from Defendants for related

1

injuries. Plaintiffs allege that Defendants submitted "thousands of fraudulent insurance charges" for medically unnecessary procedures and treatments. *See* ECF No. 24 ("Am. Compl.") ¶ 1.

In the application at issue, non-party Air Wolf, Inc. requests to intervene in this matter, either as of right or permissively, so it can access discovery and settlement materials. Air Wolf is a defendant in a separate automobile negligence case before the New York Supreme Court in Queens County, New York (the "State Action"), which was commenced by Yelisa Lanfranco ("Claimant"). Claimant brought suit against Air Wolf following an automobile accident between the two parties. Claimant is one of the insureds in this case.

Air Wolf's motion seeks sweeping relief. Specifically, it requests to intervene in this matter to: (1) preclude the imposition of any confidentiality order; (2) ensure that any settlement agreement between the remaining parties is treated as a judicial record; (3) ensure that any discovery remains publicly accessible; (4) ensure Air Wolf is notified of all electronic filings and correspondences, and given the opportunity to observe all proceedings, including but not limited to depositions, hearings, and on- and off- record conferences; and (5) in the alternative, ensure that Air Wolf is specifically excluded from any Order concerning confidentiality that may be imposed in this matter. ECF No. 78-1 ("Mov. Br.") at 1.

## II.   LEGAL STANDARD

Intervention is governed by Federal Rule of Civil Procedure 24, which outlines the requirements for intervention as of right and permissive intervention. This decision addresses the legal standards for both forms of intervention.

### A.  Rule 24(a) – Intervention as of Right

A court must permit intervention as of right where a movant (1) "is given an unconditional right to intervene by a federal statute," or (2) "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(1)-(2).

To prevail the movant must establish: "(1) the application for intervention is timely; (2) [ ] a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." *Conforti v. Hanlon*, 2023 WL 2744020, at *2 (D.N.J. Mar. 31, 2023).

"While the precise nature of the interest required to intervene as of right has eluded precise and authoritative definition . . . we have held that the interest must be a legal interest as distinguished from interests of a general and indefinite character." *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995) (internal citations and quotation marks omitted). "[T]he polestar for evaluating a claim for intervention is always whether the proposed

intervenor's interest is direct or remote." *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 972 (3d Cir. 1998).

### B. Rule 24(b) – Permissive Intervention

Additionally, under Rule 24(b), a court may permit anyone to intervene who (1) "is given a conditional right to intervene by a federal statute," or (2) "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24 (b)(1)(A)-(B). The decision of whether to grant intervention under Rule 24(b)(1)(B) is discretionary and "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Conforti*, 2023 WL 2744020, at *3 (quoting Fed. R. Civ. P. 24(b)(3)).

### III.    ANALYSIS

Air Wolf raises several arguments in support of both its requests for intervention. As set forth below, Air Wolf's motion suffers procedural and substantive issues, both of which require denial of the motion. Therefore, Air Wolf's application for as-of-right and permissive intervention fails.

### A. Procedural Deficiency

Air Wolf's motion fails out of the gate because it does not comply with an explicit procedural requirement set forth in Rule 24(c). Specifically, the Rule required Air Wolf's motion to be "accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). No such pleading was included with Air Wolf's motion. This shortcoming by itself is sufficient grounds to deny Air

Wolf's motion. And, as a matter of law, the Court need not go beyond this procedural defect. *See Transource Pa., LLC v. Dutrieuille*, 2022 U.S. App. LEXIS 17285, at *3 (3d Cir. June 22, 2022) (finding that the District Court has the discretion to deny a third-party's motion to intervene under Rule 24(c) because the motion was not accompanied by a pleading); *Edwards v. City of Trenton*, 2024 U.S. Dist. LEXIS 36054, at *3-4 (D.N.J. 2024). Nonetheless, the Court will consider the merits of Air Wolf's motion and reject each of its substantive arguments.

### B. Substantive Deficiencies

Turning to the substance of Air Wolf's application, the Court finds that Air Wolf lacks sufficient interest in this federal matter to intervene as of right and further finds that permissive intervention is not warranted because it would add little to no value to this litigation. *Aetna Inc. v. Insys Therapeutics, Inc.*, 330 F.R.D. 427, 434 (E.D. Pa. 2019) (noting that "[p]ermissive intervention that adds little value to the proceedings and only serves to cause undue delay to original parties is considered to be unwarranted.").

### i. Rule 24(a)(2): Intervention as of Right

Air Wolf's primary ask is to intervene as of right. As discussed above, to intervene as of right, a party must demonstrate: (1) a timely application for leave to intervene; (2) a sufficient interest in the underlying litigation; (3) a threat that the interest will be impaired or affected by the disposition of the underlying action; and (4) that the existing parties to the action do not adequately represent the prospective intervenor's interests. *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d

216, 220 (3d Cir. 2005). The Court limits its discussion to Air Wolf's alleged interest in this action, as this is the only element of Rule 24(a)(2) that the Parties take issue with. In doing so, the Undersigned concludes that Air Wolf has failed to establish a sufficient interest in this litigation and thus cannot intervene as of right.

Air Wolf's briefing is anything but a model of clarity. It appears Air Wolf's "sufficient interest" argument is premised on two theories. Both are unavailing. First, Air Wolf purports that it has sufficient interest in the matter because any settlement here would result in an admission of liability by Defendants, potentially impacting a damages assessment in its State Action. Specifically, Air Wolf claims that "if GEICO receives any monies from Defendants MIAN, MIAN NY PC or MIAN NJ PC, even absent an explicit admission of liability/guilt or verdict in GEICO's favor, then it would be at least an implicit admission that GEICO's allegations had merit, and that Defendant MIAN, MIAN NY PC, and/or MIAN NJ PC engaged in fraudulent no-fault submissions, in relation to a batch of claims including that of the Claimant, Yelisa Lanfranco." Mov. Br. at 15.

This conclusory argument, made with no legal support, lacks merit. Parties settle litigations for a variety of reasons, many—if not all—of which have nothing to do with the merits of a litigation. Indeed, litigations often are settled based upon the sheer cost of federal litigation or for other business reasons that bring finality to the dispute. To that end, "[a]n offer of settlement or an accomplished settlement is not evidence of liability and proves nothing [other] than peace was brought." *Shipley v. Pittsburgh & L.E.R. Co.*, 83 F. Supp. 722, 762 (W.D. Pa. 1949); *see also Edison*

*Learning, Inc. v. Sch. Dist. of Phila.*, 56 F. Supp. 3d 674, 686 (E.D. Pa. 2014). Thus, a settlement in this case is unlikely to have any bearing on the State Action and cannot serve as the basis for Air Wolf's interest.

Air Wolf's second argument fares no better. Air Wolf contends that the "Claimant has presented her [insurance claims and submissions] which GEICO complains of as her proofs, in a way that if she succeeds, would cause Defendants . . . to get paid on those Fraudulent Submissions" and yield "opposite results." Mov. Br. at 15. But how so?  Air Wolf's motion never answers this critical question, and the Court struggles to follow this speculative argument. It is not the Court's job to connect the dots of Air Wolf's argument trying to piece its theory together; it is Air Wolf's obligation to explain coherently why it is entitled to the relief it seeks. *See Rainey v. Hous. Auth. of Pittsburgh*, 2005 U.S. Dist. LEXIS 52489, at *4 (W.D. Pa. Aug. 23, 2005) (noting that "[i]t is counsel's responsibility—not the court's—to develop and articulate meaningful arguments in support of his position and to adequately research the relevant case law related thereto."). Air Wolf plainly has failed to do that here.[1]

---

[1] Moreover, even if Air Wolf were correct in that "opposite results" may arise from the two matters, this is still insufficient to establish a direct interest in this litigation for the purposes of Rule 24(a)(2). Air Wolf's hypothesized scenario is but one of dozens of potential results. For instance, as discussed above, both cases may settle prior to trial for reasons entirely unrelated to the substance of their respective claims. Further, Air Wolf provides no legal support to assert that potential inconsistent outcomes—in cases with entirely different parties and legal claims, no less—constitute a sufficient interest in a litigation for intervention as of right.

Air Wolf has not demonstrated a sufficient or significantly protectable interest in this action. *Donaldson v. United States*, 400 U.S. 517, 531 (1971). As such, the Court denies Air Wolf's request to intervene as of right.

### ii. Rule 24(b): Permissive Intervention

In the alternative, Air Wolf requests to permissively intervene. The Court exercises its discretion and denies this request.

Air Wolf centers its argument around the commonality of two purported questions of fact between the matters. Air Wolf contends that the question of whether its alleged "negligence proximately caused the Claimant['s] . . . injuries and supposed resulting treatment and surgery (or surgeries)" in the State Action "significant[ly] overlap[s]" with the question present here of whether Defendants "subjected the [insureds] (of which Claimant . . . is one) to unnecessary and medically unwarranted surgery or surgeries." Mov. Br. at 18.  The Court is not persuaded.

Although permissive intervention is subject to a lower standard the Court is not obligated "to permit intervention simply because there are questions of law or fact in common." *Symbiont Sci. Eng'g & Constr., Inc. v. Ground Improvement Servs., Inc.*, 2024 WL 378691, at *9 (D.N.J. Feb. 1, 2024) (citing *Nicholas v. Saul Stone & Co. LLC*, 1997 U.S. Dist. LEXIS 23821, at *19 (D.N.J. Oct. 11, 1997). Rather, District Courts are afforded broad discretion in deciding applications for permissive intervention. *Transource Pa.*, 2022 U.S. App. LEXIS 17285, at *7; *see also Brennan v. Cmty. Bank, N.A.*, 314 F.R.D. 541, 547 (M.D. Pa. 2016) (noting that "the court is given the ultimate discretion as to whether to allow permissive intervention. The exercise of such

discretion is highly fact-specific.").  While there may be some overlap between the two matters, the Court exercises its discretion and declines Air Wolf's request for permissive intervention.

Despite Air Wolf's representations, the overlap present in the two actions is minimal, both with respect to questions of fact and law. The State Action is an automobile accident case riddled with questions regarding liability and negligence. This federal matter is an insurance fraud dispute involving entirely different parties and legal claims. To be clear, Air Wolf's liability and negligence are not at issue here; nor will this Court be tasked with understanding anything about the automobile accident in the State Action. Put simply, the issues in the State Action are distinct from the issues in this case.  For that reason alone, Air Wolf's motion is denied.

Moreover, Air Wolf's unreasonable requests for intervention likewise weigh against granting the request. Air Wolf would not be a passive observer, as it suggests. Here, Air Wolf seeks access to materials it otherwise would have no access to.  Indeed, Air Wolf's motion: (a) demands access to discovery and settlement materials; (b) seeks to prevent the entry of a confidentiality order; (c) would require that any settlement agreement be treated as a public judicial record; and (d) seeks to ensure that all discovery (including depositions) remain publicly accessible. Mov. Br. at 1. Air Wolf's motion thus seeks sweeping access that would greatly disrupt and delay this litigation and unreasonably prejudice the parties. This is plainly improper, and the Court will not allow such access, particularly given the type (and volume) of information at issue in this case.

For these reasons, the Court denies Air Wolf's requests both for intervention as of right under Rule 24(a)(2) and permissive intervention under Rule 24(b).[2]

## IV.   CONCLUSION AND ORDER

Having considered the papers submitted pursuant to Federal Rule of Civil Procedure 78 and for the reasons set forth above;

**IT IS** on this 29th day of May, 2026

**ORDERED** that the Air Wolf's Motion to Intervene for Access and Information (ECF No. 78) is DENIED; and it is further

**ORDERED** that the Clerk is to terminate ECF No. 78.

s/ Justin T. Quinn
HON. JUSTIN T. QUINN
United States Magistrate Judge

---

[2] Air Wolf is not without remedy. Air Wolf has not demonstrated that any of its third-party discovery efforts on either of the Parties has been thwarted or impeded in any way. In fact, there is no indication that Air Wolf has even attempted to obtain discoverable materials from any party in this case. Air Wolf should explore the more traditional tools of discovery available to it if it seeks information regarding this federal action.